THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES ABEL, SAM DONDE and PERRY ALDAN, Appellants.

HILL, P. J. (dissenting). The defendants Abel, Donde and Aldan were tried together and convicted of grand larceny in the first degree for taking $90 in United States currency from the person of Nicholas Kondos. Neither the indictment nor the bill of particulars discloses the place or date of the crime other than that it was at three o'clock in the morning. The testimony is that in the early morning hours of May 15, 1945, at the hamlet of Harris on State Highway Route 17 a few miles distant from the Sullivan County village of Monticello, the sum mentioned was extracted from the pocket of Kondos by Aldan, they being in the rear seat of an automobile belonging to Donde who was on the front seat driving with the defendant Abel seated beside him. Kondos was a stranger in the locality, had been discharged from the Merchant Marine service the day previous in New York City and started to hitchhike to his home in Ohio. At Monticello at about one o'clock in the morning, he entered a bar and during the following two hours drank a substantial quantity of intoxicating liquor, and became acquainted with the three defendants. He says he had something over $100 in his possession; that while there he changed a $50 bill and spent about $10 thereafter. When the bar closed, Donde and Abel were in the automobile across the street. Kondos says that Aldan offered to entertain him for the night. "Q. Did he say anything? A. In there he was talking about — I told him 'I had to get home ' — he had brung it up. 'He would take me down to his house and put me up for the night and I could start out in the morning '. Q. What did you say? A. I didn't think much of it — I thought if I could get a ride, I would go on home — then I agreed on it." He says that he "crawled" in the back seat of the car and Aldan " got in after ", that he fell asleep for a brief period and when he awoke he was out in the country where there were no lights. He says concerning the alleged theft: " Q. What happened? A. I heard the remark 'Let's dump him.' Came from the front seat. * * * Q. Tell us what you next observed. A. The car was slowed down and stopped and ' Dannie' [Aldan] reached over and took the bill-fold out and took the bills out and stuck the wallet back in my blouse and gave me a shove out of the door and I fell down and laid there until the car pulled away."

Kondos was found by a State Trooper, Denman, some time after three o'clock in the morning, in so intoxicated a condition that it was necessary to use hand-cuffs to take him to Monticello, where he was detained in the police station. The following day these defendants were taken into custody upon the charge which Kondos made, and they were detained for about seven hours without counsel, arraignment or food. This detention was a wrong which should be condemned but does not avail without more to invalidate a conviction. (*People* v. *Mummiani*, 258 N. Y. 394.)

The only evidence of importance offered by the People was given by Kondos and Denman. Neither of the defendants was sworn on the trial, and the following by Denman is typical of his evidence given as part of the People's direct case.

" We questioned — I questioned Aldan about where he had been the night before — he refused to answer — we asked him ' if he had been in Monticello ' — he said ' no ' — we asked him ' if he had been at Lyons ' — he said ' no ' — we asked him ' if he knew Donde ' — he said ' no ' — we asked him ' if he had been in Donde's car ' — he said ' no ' — we asked him ' if he had been drinking with a Merchant Marine ' — he said ' no ' — We asked him ' if he had ever had a concession ' — he said ' no ' — we asked him ' if he was looking for a conces-sion ' — he said ' no '. After we had talked considerably with him, he did admit he was registered at The Carlton Hotel ".

The only competent testimony connecting the defendants Abel and Donde with the crime is the statement of Kondos where he says that some one on the front seat of the automobile said " Let's dump him."

Illegal detention of prisoners without arraignment, food or counsel is dis-cussed in *People* v. *Malinski* (292 N. Y. 360, revd. *sub nom. Malinski* v. *New York*, 324 U. S. 401) and *People* v. *Rudish* (294 N. Y. 500) and there convic-tions following confessions so obtained were reversed. In view of the illegal detention, the receipt of Denman's inadmissible evidence and the extreme weak-ness of the People's case, the defendants are entitled to a new trial.

The judgment of conviction in each case should be reversed on the law and facts and a new trial ordered.

Heffernan, Foster and Deyo, JJ., concur in decision; Hill, P. J., dissents in an opinion in which Russell, J., concurs.

Judgment of conviction in each case affirmed.